**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MAURICE GAY,                      :
                                  :    Civil Action No. 11-5931 (PGS)
            Plaintiff,            :
                                  :
      v.                          :    **OPINION**
                                  :
MR. WARREN,                       :
                                  :
            Defendant.            :

**APPEARANCES:**

Plaintiff <u>pro se</u>
Maurice Gay
Trenton State Prison
Trenton, NJ  08625

**SHERIDAN**, District Judge

     Plaintiff Maurice Gay, a prisoner confined at Trenton State Prison in Trenton, New Jersey, seeks to bring this action <u>in forma pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  This matter previously was administratively terminated because Plaintiff's application for leave to proceed <u>in forma pauperis</u> was deficient.  Plaintiff has submitted a new application that is complete.  Therefore, based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will re-open this action, grant Plaintiff's application to proceed <u>in forma</u>

pauperis pursuant to 28 U.S.C. § 1915(a), and order the Clerk of
the Court to file the Complaint.

At this time, the Court must review the Complaint to
determine whether it should be dismissed as frivolous or
malicious, for failure to state a claim upon which relief may be
granted, or because it seeks monetary relief from a defendant who
is immune from such relief.

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's
Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that, on September 11, 2011, he became
dizzy in the shower from the humidity and hit his head on the
shower light, which caused him to lose consciousness.  Plaintiff
alleges that the shower light has not been fixed.

Plaintiff seeks monetary damages.  The sole named defendant
is Administrator Mr. Warren.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time,
certain in forma pauperis and prisoner actions that are
frivolous, malicious, fail to state a claim, or seek monetary
relief from a defendant who is immune from such relief.  See 28
U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C.
§ 1915A (actions in which prisoner seeks redress from a

governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

In addition, any complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a

3

legal conclusion couched as a factual allegation").
Factual allegations must be enough to raise a right to
relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)

(citations omitted).

The Court of Appeals for the Third Circuit has held, in the

context of a § 1983 civil rights action, that the Twombly

pleading standard applies outside the § 1 antitrust context in

which it was decided.  See Phillips v. County of Allegheny, 515

F.3d 224, 234 (3d Cir. 2008) ("we decline at this point to read

Twombly so narrowly as to limit its holding on plausibility to

the antitrust context").

> Context matters in notice pleading.  Fair notice under
> Rule 8(a)(2) depends on the type of case -- some
> complaints will require at least some factual
> allegations to make out a "showing that the pleader is
> entitled to relief, in order to give the defendant fair
> notice of what the ... claim is and the grounds upon
> which it rests."  Indeed, taking Twombly and the
> Court's contemporaneous opinion in Erickson v. Pardus,
> 127 S.Ct. 2197 (2007), together, we understand the
> Court to instruct that a situation may arise where, at
> some point, the factual detail in a complaint is so
> undeveloped that it does not provide a defendant the
> type of notice of claim which is contemplated by
> Rule 8.  Put another way, in light of Twombly, Rule
> 8(a)(2) requires a "showing" rather than a blanket
> assertion of an entitlement to relief.  We caution that
> without some factual allegation in the complaint, a
> claimant cannot satisfy the requirement that he or she
> provide not only "fair notice," but also the "grounds"
> on which the claim rests.

Phillips, 515 F.3d at 232 (citations omitted).

More recently, the Supreme Court has emphasized that, when

assessing the sufficiency of any civil complaint, a court must

4

distinguish factual contentions -- which allege behavior on the
part of the defendant that, if true, would satisfy one or more
elements of the claim asserted -- and "[t]hreadbare recitals of
the elements of a cause of action, supported by mere conclusory
statements." Ashcroft v. Iqbal, 556U.S. 662, 678 (2009).
Although the Court must assume the veracity of the facts asserted
in the complaint, it is "not bound to accept as true a legal
conclusion couched as a factual allegation." Id. Thus, "a court
considering a motion to dismiss can choose to begin by
identifying pleadings that, because they are no more than
conclusions, are not entitled to the assumption of truth." Id.
at 679.

        Therefore, after Iqbal, when presented with a
    motion to dismiss for failure to state a claim,
    district courts should conduct a two-part analysis.
    First, the factual and legal elements of a claim should
    be separated.  The District Court must accept all of
    the complaint's well-pleaded facts as true, but may
    disregard any legal conclusions.  Second, a District
    Court must then determine whether the facts alleged in
    the complaint are sufficient to show that the plaintiff
    has a "plausible claim for relief."  In other words, a
    complaint must do more than allege the plaintiff's
    entitlement to relief.  A complaint has to "show" such
    an entitlement with its facts.  See Phillips, 515 F.3d
    at 234-35.  As the Supreme Court instructed in Iqbal,
    "[w]here the well-pleaded facts do not permit the court
    to infer more than the mere possibility of misconduct,
    the complaint has alleged-but it has not
    'show[n]'-'that the pleader is entitled to relief.'"
    This "plausibility" determination will be "a
    context-specific task that requires the reviewing court
    to draw on its judicial experience and common sense."

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009)
(citations omitted).

Where a complaint can be remedied by an amendment, a
district court may not dismiss the complaint with prejudice, but
must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34
(1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d
Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane
v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal
pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg
County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C.
§ 1983 for certain violations of his constitutional rights.
Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must
allege, first, the violation of a right secured by the
Constitution or laws of the United States and, second, that the
alleged deprivation was committed or caused by a person acting
under color of state law. West v. Atkins, 487 U.S. 42, 48

6

(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV.   ANALYSIS

A.   The Eighth Amendment Claim

The Eighth Amendment to the United States Constitution, applicable to the individual states through the Fourteenth Amendment, prohibits the states from inflicting "cruel and unusual punishments" on those convicted of crimes. Rhodes v. Chapman, 452 U.S. 337, 344-46 (1981). This proscription against cruel and unusual punishments is violated by the "unnecessary and wanton infliction of pain contrary to contemporary standards of decency." Helling v. McKinney, 509 U.S. 25, 32 (1993). It is well settled that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Id. at 31.

To state a claim under the Eighth Amendment, an inmate must allege both an objective and a subjective component. Wilson v. Seiter, 501 U.S. 294, 298 (1991). The objective component mandates that "only those deprivations denying 'the minimal civilized measure of life's necessities' ... are sufficiently grave to form the basis of an Eighth Amendment violation." Helling v. McKinney, 509 U.S. at 32 (quoting Rhodes, 452 U.S. at 346). This component requires that the deprivation sustained by a prisoner be sufficiently serious, for only "extreme

7

deprivations" are sufficient to make out an Eighth Amendment claim.  Hudson v. McMillian, 503 U.S. 1, 9 (1992).

The subjective component requires that the state actor have acted with "deliberate indifference," a state of mind equivalent to a reckless disregard of a known risk of harm.  See Farmer v. Brennan, 511 U.S. 825, 835 (1994); Wilson, 501 U.S. at 303.

A plaintiff may satisfy the objective component of a conditions-of-confinement claim if he can show that the conditions alleged, either alone or in combination, deprive him of "the minimal civilized measure of life's necessities," such as adequate food, clothing, shelter, sanitation, medical care, and personal safety.  Rhodes, 452 U.S. at 347-48; Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992).  However, while the Eighth Amendment directs that convicted prisoners not be subjected to cruel and unusual punishment, "the Constitution does not mandate comfortable prisons."  Rhodes, 452 U.S. at 349.  To the extent that certain conditions are only "restrictive" or "harsh," they are merely part of the penalty that criminal offenders pay for their offenses against society.  Id. at 347.  An inmate may fulfill the subjective element of such a claim by demonstrating that prison officials knew of such substandard conditions and "acted or failed to act with deliberate indifference to a substantial risk of harm to inmate health or safety."  Ingalls v. Florio, 968 F.Supp. 193, 198 (D.N.J. 1997).

8

Here, Plaintiff has alleged <u>no</u> facts suggesting that the condition of the shower light created a risk to his personal safety.  Instead, he has alleged a simple accident.  In addition, Plaintiff has failed to allege that Administrator Warren had any personal knowledge of any risk, inherent in the shower light, to prisoners' safety, or any personal responsibility for the alleged failure to respond to Plaintiff's alleged complaints about it.  In the absence of such basic facts, Plaintiff's Complaint fails to state a claim for an Eighth Amendment violation.

B.   <u>Claims Against Administrator Warren</u>

Supervisors are not liable under § 1983 solely on a theory of <u>respondeat superior</u>.  <u>See</u> <u>City of Oklahoma City v. Tuttle</u>, 471 U.S. 808, 824 n.8 (1985); <u>Monell v. New York City Department of Social Services</u>, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); <u>Natale v. Camden County Correctional Facility</u>, 318 F.3d 575, 583-84 (3d Cir. 2003).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of <u>respondeat superior</u>.  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d

9

Cir. 1988) (citations omitted).  Accord Robinson v. City of
Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v.
Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

Finally, a § 1983 action brought against a person in his or
her official capacity "generally represent[s] only another way of
pleading an action against an entity of which an officer is an
agent." Monell, 436 U.S. at 690 n.55.  "[I]n an official-
capacity action, ... a governmental entity is liable under § 1983
only when the entity itself is a 'moving force' behind the
deprivation; thus, in an official capacity suit the entity's
'policy or custom' must have played a part in the violation of
federal law." Kentucky v. Graham, 473 U.S. 159, 166 (1985)
(internal quotation marks and citations omitted).

Here, Plaintiff alleges that he wrote up a remedy form,
after the incident, and that the shower light has not been fixed.
However, as noted above, Plaintiff does not allege that
Administrator Warren was personally aware of any defect in the
light before Plaintiff hit his head, or of his subsequent
requests to fix the light, or that Administrator Warren
personally denied his requests.  Accordingly, it appears that
Plaintiff is suing Administrator Warren based solely upon an
untenable theory of vicarious liability.  The Complaint,
therefore, fails to state a claim against Administrator Warren.

V.   <u>CONCLUSION</u>

For the reasons set forth above, the Complaint will be dismissed without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.[1]  However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies described in this Opinion, the Court will grant Plaintiff leave to file a motion to re-open accompanied by a proposed amended complaint.[2]

An appropriate order follows.

Peter G. Sheridan
United States District Judge

Dated: 5/28/13

_____

[1] The Court notes that "'[g]enerally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action.' ...  The dispositive inquiry is whether the district court's order finally resolved the case." <u>Martin v. Brown</u>, 63 F.3d 1252, 1257-58 (3d Cir. 1995) (quoting <u>Borelli v. City of Reading</u>, 532 F.2d 950, 951 (3d Cir. 1976)) (other citations omitted).  In this case, if Plaintiff can correct the deficiencies of his Complaint, he may file a motion to re-open these claims.

_____

[2] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, <u>Federal Practice and Procedure</u> § 1476 (2d ed. 1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  <u>Id.</u>  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  <u>Id.</u>

11